IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAN GIMELFARB, | No. C 10-02151 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| TONY UCCIFERRI et al., | |
| Defendants. | |

Currently before the Court is defendants' motion for summary judgment. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for disposition without oral argument and therefore VACATES the hearing currently scheduled for July 29, 2011. Having considered the papers of the parties, and for good cause appearing, the Court hereby GRANTS defendants' motion for summary judgment.

**BACKGROUND**

Yan Gimelfarb filed this action asserting that his civil rights were violated by defendants, who are current or former employees of the San Francisco Housing Authority ("SFHA"), which administers Section 8 Tenant-Based Assistance provided by the U.S. Department of Housing and Urban Development. First Amended Complaint (FAC) [Docket 12], ¶ 2. Plaintiff argues that his rights to due process were violated as a result of letters sent by SFHA to his mother on May 19, 2008, September 24, 2008, and March 17, 2009 "and other dates," because defendants: failed to send him a notice of their intent to raise the monthly rent on the Section 8 housing unit where he lived with his mother; failed to notify Mr. Gimelfarb of the right to an informal hearing to contest the rent increase; and failed to give

him a right to be heard. *See* FAC generally; *see also* FAC, "Cause 1" at pg. 5.[1] Plaintiff also asserts that his First Amendment free speech and right to petition rights were violated when SFHA used threats which deterred plaintiff from pursuing his "Constitutional rights." *Id*., "Cause 2" at pg. 5.

According to SFHA, plaintiff's mother Maria Potashnik was issued a Section 8 family voucher in 2000. *See* Baranghani Decl., Ex. A.[2] In 2001, plaintiff's mother signed a Housing Assistance Payments (HAP) contract and lease agreement for her current place of residence. Dickerson Decl., Ex. C. In the HAP contract, the tenant is identified at Ms. Potashnik; Mr. Gimelfarb is identified as an "approved member" of the household. *Id*. Over the years, the amount of rent that Ms. Potashnik was required to pay was increased to reflect changes in her household income and changes in the amount of rent charged by her landlord. *See, e.g.*, Cheek Decl., Ex. D. In June 2006, SFHA sent a notice to Ms. Potashnik regarding her annual inspection and re-examination. That process requires each Section 8 beneficiary to fill out paperwork verifying income and other details. Mina Decl., Ex. E. Mr. Gimelfarb, as a member of her household, was also required to verify information regarding his income. He submitted a statement under penalty of perjury that he was receiving no income. Mina Decl., Ex. F at 78. However, in mid-2006, SFHA learned that Mr. Gimelfarb was earning an income and had been since 2005. Mina Decl., Ex. G. SFHA requested that plaintiff submit evidence regarding his income and information regarding alternate addresses. Plaintiff eventually provided some documentation regarding his income. *See* Exs. H-J to Mina Decl.

In light of the inconsistent and missing information, a Notice of Proposed Decision to Terminate Section 8 Assistance was sent to Ms. Potashnik on December 10, 2007. Ms. Potashnik and plaintiff responded by letter requesting an informal hearing, which was eventually held on February 15, 2008. Mina Decl., Exs. K-N. After the hearing, the hearing officer recommended that all of Mr. Gimelfarb's income be factored into determining Ms. Potashnik's subsidy and that Ms. Potashnik be required to repay SFHA for any increased amount of rent that she should have been paying. Mina Decl., Ex. O.

---

[1] In his Opposition, plaintiff asserts that his due process rights were also violated as a result of a letter dated April 14, 2009. *See* Opposition, Ex. I.

[2] Defendants demonstrate that Yan Gimelfarb applied for a Section 8 voucher for himself, but that he is still on the waiting list. Dickerson Decl., ¶ 6.

On May 30, 2008 Ms. Potashnik and plaintiff sought an appeal and another hearing regarding the February 2008 decision, which they contended they did not become aware of until late May 2008. Ucciferri Decl., Ex. W. The appeal upheld the underlying decision, and SFHA accordingly raised the amount Ms. Potashnik was required to contribute to her monthly rental payments and required her to sign a repayment agreement for her underpayments. Ucciferri Decl., Ex. X; Williams Decl., Ex. T. Ms. Potashnik's monthly rental obligation was increased in September 2008 and February 2009 as a result of changes in income, utilities and rent charges. Williams Decl., Exs. U-V.

## LEGAL STANDARD

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *Id*. at 325.

Once the moving party has met its burden, the burden shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'" *Id*. at 324 (quoting then Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id*. at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Id.* However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise

3

genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. Fed. R. Civ. P. 56(c)).

**DISCUSSION**

**I.    Violation of Due Process Rights**

Defendants move for summary judgment on Mr. Gimelfarb's civil rights claims, arguing that he is not a real party in interest and, therefore, does not have standing to complain about how the SFHA handled his mother's Section 8 Assistance. *United HealthCare Corp. v. American Trade Ins. Co.*, 88 F.3d 563, 568-569 (8th Cir. Minn. 1996) (noting that Rule 17(a) of the Federal Rules of Civil Procedure "requires that the party who brings an action actually possess, under the substantive law, the right sought to be enforced."). Defendants have submitted evidence that plaintiff is not the named tenant under the Section 8 program at issue and is not a party to the HAP contract and its amendments. Baranghani Decl., Ex. A; Dickerson Decl., Ex. C. Plaintiff also admitted at the Court's November 1, 2010 case management conference that he was not the beneficiary of the Section 8 benefits. Kung Decl., ¶ 6. Plaintiff was told in the November 2010 conference that defendants would raise this issue, but plaintiff has not sought to amend his complaint to add his mother as a plaintiff.

Plaintiff argues that because he is listed as a member of the household on the HAP contract, he is a recipient of Section 8 benefits and has standing to enforce the due process rights in this case. Opposition at 3-4. However, because it was his mother who was listed as the sole "tenant" in the HAP contract and his mother who signed the lease agreement for their residence, the Court agrees with SFHA that Mr. Gimelfarb is not the recipient of Section 8 assistance under the HAP contract at issue.

Mr. Gimelfarb's complaint also asserts that under the Section 8 regulations, particularly 24 C.F.R. §982.555(c)(2), he was personally entitled to notice of rent changes and informal hearing rights. That regulation, however, requires only that the "family" be provided notice of PHA "determinations" as to entitlement to benefits. There is no authority for the position that he, as opposed to or in addition to his mother, should have been personally notified of the rent adjustments and informal hearing rights. Likewise, there is no authority that Mr. Gimelfarb could demand an informal hearing if, for example, his mother did not.

4

The Court finds that plaintiff does not have standing to pursue the due process claims regarding notice and entitlement to hearings against SFHA. The Court, therefore, GRANTS defendants' motion for summary judgment on this claim.

## II.     Violation of First Amendment Rights

Plaintiff also asserts a claim for violation of his First Amendment rights based on unspecified threats by SFHA which deterred plaintiff from pursuing his "constitutional rights." However, there are no facts alleged in the complaint explaining how or when SFHA used threats or how the alleged threats deterred plaintiff from pursuing his "constitutional rights." Moreover, as discussed above, the only constitutional rights plaintiff is attempting to vindicate in this action are due process rights that his mother, not plaintiff, has standing to pursue. Therefore, the Court GRANTS defendants' motion for summary judgment on this claim.[3]

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion for summary judgment. Judgment shall be entered in the defendants' favor and against plaintiff. The clerk shall close this case.

**IT IS SO ORDERED.**

Dated: July 27, 2011

SUSAN ILLSTON
United States District Judge

---

[3] In his Opposition, plaintiff asserts that he has approached defendants about his filing a Second Amended Complaint. *See* Opposition at 8-9; *see also* Ex. I to Opposition. The Court has reviewed the proposed amendments and, even if that complaint were operative, the few new allegations – if taken as true – would not defeat defendants' motion for summary judgment.

5